BELLO ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Mortgage.

No. 527.—Decided July 28, 1922.

RECORD OF TITLE—MENTION OF REAL RIGHTS—MORTGAGE—THIRD PERSONS.—
Mention having been made in the record of the sale of a property of a mort-
gage which the grantees created in favor of the grantor to secure the de-
ferred part of the price, the mortgage should be recorded although the prop-
erty may have been again transferred and may appear already recorded in
the name of the new grantee.

ID.—ID.—ID.—DISTRIBUTION OF LIABILITY—ATTORNEY IN FACT.—If the attorneys
in fact authorized to sell properties are empowered to accept the mortgage
created to secure the deferred part of the price, they impliedly have power
to accept the distribution of the mortgage liabilities among the properties.

ID.—ID.—ID.—PARTIES.—It is not necessary that the person in whose favor a
mortgage is created should be a party to the execution of the mortgage deed.

The facts are stated in the opinion.

*Mr. J. D. Rodríguez* for the appellants.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of
the court.

By a public deed executed on May 16, 1914, Daniel Feo
and his wife and José Bello and his wife sold to Antonio
García and Nicolás Morell eleven farm properties for thirty-
five thousand dollars, payable in seven annual instalments
of five thousand dollars each, and mortgaged all of the prop-
erties sold to secure the payment of the deferred purchase
price. The mortgage was created in the same deed and the
amount for which each property should respond was fixed
according to law.

In April, 1922, the deed of 1914 was presented in the
Registry of Property of Arecibo for the purpose of record-
ing the mortgage and the registrar refused to admit it to
record for the reasons stated in the following decision:

"The mortgage created in the preceding document, which is a
copy of the deed of May 16, 1914, executed before notary Ulpiano

Crespo, Jr., is not admitted to record, because Antonio García Mo-rell and Nicolás Morell Hernández, the mortgagors, have no right to create it, according to the registry (Art. 126 of the Mortgage Law); because the properties being recorded by a deed of the 11th of this month executed in Ponce before notary José Tous Soto, no deed of an earlier date, as is this instrument, encumbering the same properties can be admitted to record (Art. 17 of the Mortgage Law), and because the properties are recorded in the name of Julio Cabrera Paz, a person distinct from the mortgagors (subdivision 4 of article 20 of the Mortgage Law). Instead a cautionary notice is entered for 120 days, with the curable defect that the capacity of Manuel Lecaroz and Eduardo Bello as attorneys in fact of the mort-gagees to accept the distribution of the liability made among the mortgaged properties is not shown (articles 119 and 235 of the Mortgage Law and article 164 of its regulations)."

The interested parties were not satisfied with that decision and raised the present administrative appeal to this court.

1. In addition to the deed there were brought up as ex-hibits two certificates issued by the registrar—one at the instance of the appellants and the other of his own accord. From these exhibits the following appears:

Neither the grantors nor the grantees immediately pre-sented the deed of 1914 in the registry for record. Years passed. The Bank of Ponce brought an action to recover four thousand dollars against Antonio García and Nicolás Morell, the grantees in the deed of 1914, and on May 10, 1921, a writ of attachment was issued. The said writ was presented in the registry for the purpose of recording it as a lien on some of the properties sold and the registrar re-fused to admit it to record because the said properties were not yet recorded in favor of García and Morell. A cautionary notice of the attachment was entered and lapsed by expiration of the period for which it was entered.

The action to which we have referred was proceeded with and several of the attached properties were sold at public auction to the creditor bank which was given a deed

of' sale. This deed was presented in the registry and its record was likewise denied because the properties were not recorded in favor of García and Morell. The cautionary notice entered also lapsed.

At this juncture and for the purpose of having the properties recorded in favor of García and Morell, the plaintiff in the action of debt prosecuted against them, that is, the Bank of Ponce, presented the deed of 1914 in the registry and asked that it be recorded as to the sale only. The registrar so recorded it, but at the same time mentioned in the same record the mortgage created on the properties sold to secure the deferred purchase price, stating that record of the said mortgage was not requested.

The properties being so recorded in favor of García and Morell, the registrar then recorded the sale of the said properties to the bank on November 23, 1921, and the sale by the bank to Julio Cabrera on April 11, 1922.

Then when the mortgagees, the appellants in this case, presented the deed of 1914 for the purpose of *recording* also the mortgage created in it, the registrar, on April 19, 1922, refused to admit it to record in the manner already stated.

In support of his decision the registrar cites article 17, paragraph fourth of article 20 and article 126 of the Mortgage Law which read as follows:

"Art. 17.—After any instrument transferring the ownership or possession of realty, or of property rights thereto, has been recorded or a cautionary notice thereof made in the Registry, no other instrument of the same or of a previous date may be recorded or noted, by which the ownership of the same estate or property right is transferred or encumbered.

"If only the presentation of the instrument transferring ownership or possession has been recorded, no other deed of the kind previously mentioned may be recorded or noted for the period of thirty days following the date of said record.

"Art. 20.—*  *  *.

"Registrars shall refuse the requested record, if said interest

is recorded in favor of a person other than the one executing the transfer or encumbrance.

"Art. 126.—A mortgage created by a person who has no right to do so, according to the Registry, shall not be valid, even if the mortgagor subsequently acquires said right."

The appellants invoke article 29 of the Mortgage Law which reads as follows:

"Art. 29.—Ownership or any other property right which is expressly mentioned in the records or cautionary notices, although it does not appear in the Registry as a separate and special entry, shall be effectual against third persons from the date of the entry of presentation of the respective instrument.

"The provisions of the preceding paragraph must not be understood as interfering with the obligation of specially recording the rights referred to, and with the responsibility incurred by persons who, in certain cases, must demand the record."

In our opinion, and our decision being limited of course to the purposes of the registry, the decision of the registrar is erroneous. If the Bank of Ponce had to revert to the deed of 1914 and the said deed created the mortgage and the mortgage was mentioned in the registry when the sale was recorded, it is necessary to interpret the statutes cited by the registrar in the light of the statute invoked by the appellants. Nothing new was in question. Jointly with the ownership right of the bank's debtors arose the obligation set forth in the mortgage guaranty. And in the same record in which the ownership right was made to appear the lien was mentioned. What the appellants now seek is to *record* in due form what was *mentioned* before in order that the right should not be extinquished as regards third persons.

Commenting on article 29 of the Mortgage Law, Galindo says, Vol. 2 *Leg. Hip.* p. 317:

"It is known that publicity is one of the foundations of the law developed in articles 23, 24 and 25 which provide that only recorded titles shall be effective against third persons who have not recorded

their rights. Although it appears logical that each real right be shown in a separate record, the legislators did not forget the frequency with which in some deeds other rights are mentioned or reserved which should be set out in the record relative to the act or contract that we might call principal, and, bearing that basis in mind, they enacted article 29. By virtue of its provisions, if, for example, in a deed of sale on deferred payments the debt is secured by a mortgage on the same property, mention should be made of it in the record of the sale, and although the grantor does not request that his mortgage right be recorded separately and specially, it is sufficient that it be mentioned in order to give it effect against third persons (V. S. May 22, 1889). The reason is obvious. The person who desires to contract for that property may go to the registry and as the encumbrance will appear there, he can not allege ignorance although it is not specially recorded."

And, commenting on article 17, he says:

"Also, bearing in mind the materiality of the wording of article 17, the record of a mortgage or annuity created and not recorded before recording in the registry the deed conveying the ownership of the property affected by it, may be considered an exception, if in the record mention is made of the lien.

"If article 17 should be followed literally, such a mortgage or annuity could not be recorded, although it had been mentioned in the record of the deed conveying the ownership of the property; but taking into account that the grantor, acting in due good faith, acknowledged in the deed the existence of the mortgage or annuity, and that the registrar, complying with the provision of article 29 of the Mortgage Law, made mention of such a lien by including it in the paragraph corresponding to the record, we believe that if after this the mortgagee or annuitant should apply for a record of his title it would have to be made, although it was of a date prior to that of the recorded deed. The purpose of article 17 is to prevent prejudice to the right of him who recorded his title opportunely and as in the supposed case there is no question of prejudice because, according to article 29 of the Mortgage Law, the ownership or any other property right expressly mentioned in a record shall be effective against third persons and, with greater reason, against one who was a party to the act or contract recorded, and he is not thereby relieved of the obligation of especially recording

the said right, the lienor should not be estopped from recording at his pleasure.    (Decision of July 27, 1899).''    1 Galindo *Leg. Hip.*, page 652.

2. The curable defect assigned does not exist. The grantors in the deed of 1914 appeared by their attorneys in fact. The registrar does not say that the said attorneys in fact were not empowered to accept the mortgage, but that they were not empowered ''to accept the distribution of the liability made among the mortgaged properties.''  If they had authority to accept the mortgage, they impliedly had it also to accept the amount assigned to each property in compliance with the law.

Moreover, according to the decisions, it is not necessary that the person in whose favor a mortgage is created should take part in the execution of the deed creating it.

The General Directorate of Registries of Spain, in their decision of December 29, 1880, published in the *Gazette* of January 21, 1881, laid down the following doctrine:

''Considering, finally, that according to the provisions of Article 138 of the Mortgage Law and the doctrine laid down in the decision of July 25, 1877, it is not necessary that the mortgagee should be present at the execution of the mortgage deed; therefore the mortgage involved in this appeal is also recordable, even supposing that those who were parties in the name of the Bank of Castillo had not proved their personality in legal form.''

By virtue of all of the foregoing the decision appealed from is reversed and the record requested is ordered, without the curable defect.

*Reversed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.